UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL FOURNIER, JR.,

      Plaintiff,

v.                             Case No.:  8:24-cv-686-DNF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## OPINION AND ORDER

Plaintiff Michael Fournier, Jr. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the Commissioner's Decision

### A.    Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the administrative law judge, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are

reviewed under a de novo standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The Commissioner must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the Commissioner must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the Commissioner must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the Commissioner finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the Commissioner must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the Commissioner must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.    Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on July 24, 2021, alleging disability beginning February 1, 2014. (Tr. 77, 174-75). The application was denied initially and on reconsideration. (Tr. 77, 84). Plaintiff

requested a hearing and on August 3, 2023, a hearing was held before Administrative Law Judge Barbara Zanotti ("ALJ"). (Tr. 42-75). On September 7, 2023, the ALJ entered a decision finding Plaintiff had not been disabled from February 1, 2014, the alleged onset date, through December 31, 2018, the date last insured. (Tr. 26-36). On January 17, 2024, the Appeals Council denied Plaintiff's request for review. (Tr. 1-5). Plaintiff began this action by Complaint (Doc. 1) filed on March 18, 2024, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2018. (Tr. 28). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of February 1, 2014, through his date last insured of December 31, 2018. (Tr. 28). At step two, the ALJ found that through the date last insured, Plaintiff had the following severe impairments: "chronic liver disease, post-traumatic stress disorder, major depressive disorder, anxiety disorder, polyarthralgia, and status post right-knee arthroscopy and debridement." (Tr. 28). At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments in 20 C.F.R.

Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (Tr. 29).

Before proceeding to step four, the ALJ found that through the date last insured, Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except the claimant may push or pull frequently with all extremities. The claimant may never climb ladders, ropes, or scaffolds, but may occasionally perform all other postural maneuvers. The claimant may frequently reach. The claimant may have no more than occasional exposure to extreme cold, humidity, vibration, and work place hazards, such as unprotected heights and moving machinery. The claimant can understand and remember simple and detailed instructions, complete simple routine repetitive tasks, occasionally interact with supervisors or coworkers, never have work-related interactions with the general public, and have no more than occasional changes in the work setting or nature of tasks performed.

(Tr. 30).

At step four, the ALJ determined that through the date last insured, Plaintiff was unable to perform his past relevant work as a swimming pool installer. (Tr. 34). At step five, the ALJ found that through the date last insured and considering Plaintiff's age (45 years old on the date last insured), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (Tr. 34). Specifically, the

vocational expert testified that a person with Plaintiff's limitations could have performed such occupations as:

(1)  Routing Clerk, DOT[1] 222.687-022

(2)  Merchandise Marker, DOT 209.587-034

(3)  Injection Molding Machine Tender, DOT 756.685-038

(Tr. 35). The ALJ concluded that Plaintiff had not been under a disability from February 1, 2014, the alleged onset date, through December 31, 2018, the date last insured. (Tr. 35).

## II.    Analysis

On appeal, Plaintiff raises two issues:

(1)  Whether the ALJ erred in failing to explain how she considered the supportability and consistency of medical sources' opinions; and

(2)  Whether the ALJ erred in failing to fully and fairly evaluate Plaintiff's symptoms from his cirrhosis, obstructive sleep apnea, and tinnitus conditions.

(Doc. 19 p. 3, 6).

### A.    Evaluation of Medical Source Opinions

Plaintiff argues that the ALJ failed to consider the supportability and consistency of the opinions of Michael D. Garside, PA-C and Yvonne King, ARNP with the Department of Veterans Affairs ("VA"). (Doc. 19, p. 5). Plaintiff claims

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

that the ALJ did not provide sufficient reasoning to demonstrate that she conducted a proper legal analysis of these two opinions. (Doc. 19, p. 6).

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given these five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 416.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. §§ 404.1513(a)(2)-(3), 416.913(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3).

### 1.    Michael D. Garside, PA-C's Opinion

On February 28, 2018, PA Garside examined Plaintiff and completed a Disability Benefits Questionnaire for the VA, focusing on Plaintiff's liver condition, including cirrhosis. (Tr. 415-22). PA Garside found Plaintiff had daily weakness, daily abdominal pain, and a weight loss of over thirty pounds. (Tr. 417). He also reviewed a CT scan showing cirrhosis and portal hypertension and reviewed laboratory studies. (TR. 418-19). PA Garside found that Plaintiff's liver condition impacted his ability to work and described the impact as, "[t]he condition would make it difficult performing any type of manual labor." (Tr. 419).

In the decision, the ALJ considered PA Garside's opinion and determined:

> The undersigned finds the opinion of Michael Garside, PA-C unpersuasive. He opines that the claimant would have difficulty performing manual labor due to his liver impairment (Exhibit 1F/109). This opinion is supported with some discussion of the claimant's symptoms, such as his abdominal pain (Exhibit 1F/107). However, he does not define the term "manual labor." To the extent that this implies work at medium or higher exertional levels, this is reasonably consistent with the claimant's seven out of ten pain (Exhibit 1F/92). However, due to the use of unclear terms, this opinion was of limited use in assessing the claimant's residual functional capacity.

(Tr. 33).

PA Garside's opinion is very brief — that Plaintiff's condition would make it difficult to perform manual labor. (Tr. 419). The ALJ found overall the opinion was unpersuasive because the term "manual labor" was undefined, but did not end the discussion there. (Tr. 33). In considering this opinion, the ALJ found it was

supported with some discussion by PA Garside of Plaintiff's symptoms, such as Plaintiff suffering from daily abdominal pain from his liver condition. (Tr. 33, 417). The ALJ also determined that to the extent that the term "manual labor" implied work at medium or higher levels, this finding was consistent with other medical evidence showing Plaintiff had a seven-out-of-ten pain level. (Tr. 33). Of note, in the RFC assessment, the ALJ limited Plaintiff to light work with additional limitations, rather than medium or heavy work. (Tr. 30). Thus, the ALJ considered both the supportability and consistency of PA Garside's very limited opinion, found the term "manual labor" unclear, and based on this finding, found the opinion of limited use in assessing the RFC. Substantial evidence supports the ALJ's decision as to PA Garside's opinion.

### 2.    Yvonne King, ARNP's Opinion

In October 2013, ARNP King attached an addendum to a treatment note, which considered whether Plaintiff met the VA's criteria for PTSD. (Tr. 551-59). In this addendum, ARNP King listed at least three stressors – such exposure to actual or threatened death and serious injury – that met the VA's criteria for PTSD. (Tr. 553-54). ARNP King found these events caused recurrent, involuntary, and intrusive distressing memories of the trauma, intense or prolonged psychological distress, and the need to avoid external reminders that arouse from these distressing memories. (Tr. 554). ARNP King also found that the results from experiencing this trauma

include: irritable behavior; angry outbursts; hypervigilance; problems with concentration; sleep disturbance; anxiety; depressed mood; suspiciousness; and mild memory loss. (Tr. 555).

In assessing Plaintiff's appearance, behavior, and speech, ARNP King found Plaintiff cooperative, not distractible, and able to maintain appropriate eye contract. (Tr. 556). She also found he had an anxious mood, congruent affect, intact recent and remove memory, no deficits in concentration, average intellectual functioning, coherent and logical thought process, and good insight and judgment. (Tr. 556). ARNP King summarized Plaintiff's reports that he separated himself from people due to his anger, he had shortness of breath, had trouble sleeping, and had blackouts when he left the house. (Tr. 556). Plaintiff also reported completing activities of daily living, basically self-care. (Tr. 557).

Overall, ARNP King found that the severity of Plaintiff's symptoms was mild. (Tr. 557). She noted that the results of an MMPI-2 were invalid because the results indicated some intentional exaggeration of current symptoms by Plaintiff, "possibly for secondary gain." (Tr. 558). ARNP King then considered Plaintiff's employability:

> The veteran's ability to understand and follow instructions is considered not impaired. The veteran's ability to retain instructions as well as sustain concentration to perform simple tasks is considered not impaired. The veteran's ability to sustain concentration to task persistence and pace is considered mildly impaired. The veteran's ability to respond appropriately

> to coworkers, supervisors, or the general public is considered
> mildly impaired. The veteran's ability to respond appropriately
> to changes in the work setting is considered mildly impaired.
>
> Mental condition does not preclude occupational functioning
> in a sedentary, structured, solitary work environment that
> accommodates physical limitations.

(Tr. 558).

The ALJ found ARNP King's opinion not persuasive:

> [ARNP King] finds only mild mental limitations, but limits the
> claimant to sedentary, solitary work in a structured
> environment (Exhibit 1F/248). This opinion is supported with
> attached results from a MMPI, although those results were
> noted to be invalid. Further, limiting the claimant to solitary
> work in a structured work environment is internally
> inconsistent with finding no more than mild mental limitations.
> Additionally, a limitation to sedentary work is not consistent
> with his lack of an assistive device for ambulation (Exhibit
> 15E/7). Therefore, this opinion is not persuasive.

(Tr. 33).

In the decision, the ALJ explained that ARNP King's opinion that Plaintiff's

mental condition did not preclude him from a sedentary, structured, solitary work

environment that accommodates his physical limitations was not supported by her

findings of no more than mild mental limitations. (Tr. 33). The ALJ also noted that

ARNP King found the MMPI results invalid based on Plaintiff's exaggerated

responses. (Tr. 33). The ALJ further found ARNP King's opinion that Plaintiff was

not precluded from sedentary work inconsistent with the medical evidence that

showed his lack of an assistive device for ambulation. (Tr. 33). The ALJ considered

both the supportability and consistence of ARNP King's opinion and substantial evidence supports the ALJ's decision to find ARNP King's opinion unpersuasive.

Plus, the Court may not reweigh the evidence. A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). "The ALJ need not refer to every piece of evidence in his decision, so long as a reviewing court can conclude that the ALJ considered the claimant's medical condition as a whole." *Id.* Even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). For these reasons and considering the decision as a whole, remand on this issue is unwarranted.

### B.    Evaluation of Plaintiff's Symptoms

Plaintiff asserts that he was receiving compensation from the VA for obstructive sleep apnea, cirrhosis of the liver, and tinnitus. (Doc. 19 p. 6-7). Plaintiff suggests that both sleep apnea and cirrhosis of the liver "can reasonably cause significant fatigue" and tinnitus would preclude him from performing jobs that expose him to loud noises, such as the job of injection molding machine tender. (Doc. 19, p. 6). Plaintiff argues that the ALJ was on notice that Plaintiff received disability from the VA for all of these impairments, but only took into account his

orthopedic conditions rather than all of his conditions and associated symptoms. (Doc. 19, p. 7).

An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

Plaintiff's argument that the ALJ did not consider Plaintiff's cirrhosis of the liver is unavailing. The ALJ found Plaintiff had a severe impairment of chronic liver disease. (Tr. 28). The ALJ also discussed Plaintiff having chronic liver disease with cirrhosis and the symptoms associated with it. (Tr. 31). The ALJ noted that Plaintiff's liver condition improved when he stopped drinking alcohol, which he had done during much of the relevant period. (Tr. 31, 32). Thus, the ALJ considered Plaintiff's cirrhosis of the liver as a part of Plaintiff's chronic liver disease.

As for sleep apnea, the ALJ noted that Plaintiff alleged disability based on post-traumatic stress disorder, sleep apnea, liver impairment, hernia, and hearing loss. (Tr. 31). While Plaintiff posits that this condition may cause fatigue, Plaintiff cites no medical records that support this proposition. (Doc. 19, p. 6). Plaintiff has not established that he has any limitations associated with his sleep apnea such that the ALJ should have considered it a medically determinable impairment.[2]

Likewise, Plaintiff contends that he suffers from tinnitus and received a 10% disability rating from the VA for it, but argues that the ALJ did not address this condition in the decision. (Doc. 19, p. 6-7). While the ALJ did not specifically discuss tinnitus, he did discuss hearing loss in the decision, finding it a non-severe impairment. (Tr. 28). And as with sleep apnea, Plaintiff cites no medical or other records that establish Plaintiff has any limitations associated with tinnitus such that the ALJ should have considered it a medically determinable impairment. Plaintiff's arguments for both sleep apnea and tinnitus are based on suppositions with no citation to the record. After considering the record and decision as a whole, substantial evidence supports the ALJ's decision and she made no error.

---

[2] Plaintiff attached the rating decisions of the VA regarding sleep apnea and tinnitus, but acknowledged that these rating decisions were not part of the record here and cannot be considered substantively. (Doc. 19, p. 7). As a result, the Court did not consider them, especially given that the ALJ mentioned Plaintiff's sleep apnea and hearing impairments in the decision. (Tr. 31, 28).

## III.    Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 13, 2025.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties